IN THE UNITED STATES DISTRICT OF COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CORDELE DEVELOPMENT CORPORATION, | § § § | |
| vs. | § § | CIVIL NO. 5:11-CV-00005 |
| EDISON MISSION ENERGY, CEDRO HILL WIND, LLC, and WC, INC. | § § § § | |

**DEFENDANT WANZEK CONSTRUCTION, INC.'S
MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW DEFENDANT WANZEK CONSTRUCTION, INC., and files this Motion for Summary Judgment as to each and all of Plaintiff's claims, and would respectfully show this Honorable Court the following:

**I.
GENERAL ALLEGATIONS AND FACTS**

A. Plaintiff Cordele Development Corporation, a mineral interest lessee of a tract of land in Webb County, Texas, complains of interference with and damage to its gas pipeline and delivery system as a result of the construction of a wind farm project developed on adjacent land. *See Exhibit 1.*

B. The wind farm project was organized by Defendant Cedro Hill Wind, LLC, operated by Defendant Edison Mission Energy, and the project general contractor was Defendant Wanzek Construction, Inc. *See Exhibit 1.*

C. Although Plaintiff's Complaint asserts a number of causes of action, the allegations as to Defendant Wanzek are limited to negligence and gross negligence claims. *See Exhibit 1, p. 26.*

D. Plaintiff claims that Defendant Wanzek was negligent in two respects. Plaintiff alleges that: 1) Defendant Wanzek was negligent in ensuring that easements were obtained to cross the pipelines before starting construction; and 2) Defendant Wanzek was negligent in its construction of the roads over Plaintiff's pipeline, thereby causing damage to the pipeline. Plaintiff claims that this Defendant failed to act as a "reasonable and prudent constructor of wind energy farms structures." *See Exhibit 1, pp. 26-27*.

E. As per the Court's Amended Scheduling Order, Plaintiff was given until July 6, 2011 to designate its experts. On July 6, 2011, Plaintiff filed its Designation of Expert Witnesses merely identifying three of its principles as experts. Plaintiff failed to identify any retained or non-retained experts who will testify specifically with respect to Defendant Wanzek's activities including: the nature of Defendant Wanzek's standard of care; that Defendant Wanzek's conduct fell below that standard of care; and/or that the violation of the standard of care was the proximate cause of its damages. *See Exhibit 2*.

F. J. Roger Craddock is a professional engineer with over 40 years of experience. He specializes in the investigation of oil and gas facilities, including well sites and gas gathering lines and pipelines; and has experience in pipeline materials and construction of, and around well sites and pipelines. *See attachment to Exhibit 3*.

G. After reviewing records related to Plaintiff's claims, Craddock concludes that the depth and method used to construct access over Plaintiff's pipeline was usual and more than adequate to provide protection to the pipeline, exceeding federal and Texas requirements. *See Exhibit 3*.

H. Craddock further found that the damage found to the pipeline as reported by Plaintiff was not the result of the construction activities associated with Defendant Wanzek. *See Exhibit 3*.

I. Plaintiff has no probative evidence – documentary or through witness testimony – to controvert Craddock's findings and conclusions. Specifically, Plaintiff has no evidence that Defendant Wanzek failed to act as a "reasonable and prudent constructor of wind energy farms structures" would have under same or similar circumstances and/or that the conduct of Defendant Wanzek was the cause of its alleged damages.

## II.
### SUPPORTING EVIDENCE

In support of its Motion, Defendant Wanzek specifically relies on the following evidence attached hereto:

Exhibit 1: Plaintiff's First Amended Complaint;

Exhibit 2: Plaintiff, Cordele Development Corporation's Designation of Expert Witnesses; and

Exhibit 3: Declaration of J. Roger Craddock.

This Defendant also hereby incorporates by reference, and relies upon in support of its Motion, all pleadings and discovery on file with this Court, and all pleadings and evidence filed in support of any other contested motion served in this matter.

# III.
## LEGAL STANDARD

Summary judgment is proper in any case where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *Celotex Corp.*, 477 U.S. at 322-25.

The party opposing the motion must then come forward with affirmative evidence to defeat it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Conclusory allegations, speculation and unsubstantiated assertions are not adequate to satisfy the non-movant's burden. *Douglas v. United Services Auto Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).

# IV.
## LEGAL ARGUMENT AND BRIEFING

A.  **Defendant Wanzek's Motion for Summary Judgment.**

Plaintiff has no probative evidence of each and all of the elements of its causes of action asserted against Defendant Wanzek. As a result, Defendant Wanzek is entitled to judgment as a matter of law.

Plaintiff claims that Defendant Wanzek was negligent by allegedly failing to use reasonable care to ensure were obtained prior to construction and allegedly failing to properly construct roads over Plaintiff's pipeline, resulting in damage to the pipeline.

In a Texas state law negligence cause of action, it is Plaintiff's burden to establish each of the following elements: (1) a legal duty owed by one party to another, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Sostand v. Kansas City Southern Ry. Co.*, 2009 U.S. Dist. LEXIS

99852 (S.D. Tex. Oct. 27, 2009) *citing Nabors Drilling*. As a result, in order to prevail in its claim against Defendant Wanzek, Plaintiff must produce probative evidence of each and all of these three elements of its cause of action.

Plaintiff has no probative evidence to raise a fact issue with respect any of the required elements of its negligence case: the nature of the duty owed by Defendant Wanzek; whether this Defendant breached that duty; and whether that alleged breach proximately caused damages. Without this evidence, Plaintiff states no cause of action. Moreover, the evidence on file with this Court disproves the elements of Plaintiff's causes of action. As a result, Defendant Wanzek's Motion for Summary Judgment should be granted as a matter of law.

    **B.    Texas Law Applies to Determine if Expert Testimony is required.**

Under some circumstances, the courts hold expert testimony is necessary to establish or raise a fact issue about a disputed fact or an element of a cause of action. In a federal diversity case, it is the applicable State law that determines whether expert testimony is required to prove negligence. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004). This is true when the court is looking at whether expert testimony is necessary to establish the standard of care (*see Reyes v. Kroger Texas, LP*, 2010 U.S. Dist. LEXIS 139894 (D. Tex. 2010), *citing Hamburger, supra*); and when the court is considering whether expert testimony is necessary to establish causation (*see Kallassy v. Cirrus Design Corp.*, 265 Fed. App. 165, 166 (5th Cir. Tex. 2008), *citing Goodyear Tire & Rubber Co. v. Rios*, 143 S.W.3d 107, 118 (Tex. App.--San Antonio 2004, pet. denied)).

As a result, Texas law controls whether Plaintiff must have expert testimony in order to raise a fact issue with respect to liability on the part of Defendant Wanzek.

### C. Expert Testimony Required to Establish Negligence.

Plaintiff alleges that it suffered damages as a result of Defendant Wanzek's negligence in how it constructed roads over Plaintiff's pipeline and in constructing the roads without ensuring proper easements was in place. Due to the nature of Plaintiff's allegations, expert testimony is necessary to establish the required elements of Plaintiff's claims.

Under Texas law, whether expert testimony is necessary to prove negligence is a question of law for the Court. *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 89 (Tex. 2004); *Williams v. Remington Arms Co.*, 2008 U.S. Dist. LEXIS 5940, 5951 (N.D. Tex. Jan. 28, 2008).

In assessing whether expert testimony is required, the court looks at whether a lay person's general experience and common sense will enable that person to determine the issue. *Kallassy*, 265 Fed. App. at 166. Expert testimony is required when dealing with a technical matter that goes beyond the common experience of the jurors. *Id.* In making this determination, courts consider whether the conduct at issue involves the use of specialized equipment or techniques unfamiliar to the ordinary person. *FFE Transp. Servs.*, 154 S.W.3d at 91.

The courts generally consider construction matters to be a specialized field for which expert testimony is required when determining the standard of care and whether a party has failed to meet that standard. *See, e.g., 3D/I + Perspectiva v. Castner Palms, Ltd.*, 310 S.W.3d 27 (Tex.App.—El Paso 2010, no pet.).[1]

---

[1] *See also* the following cases all finding expert testimony required to determine standard of care: *FFE Transp. Servs. v. Fulgham*, 154 S.W.3d at 91 (expert testimony required for determining the standard of care with respect to connecting, inspecting and maintaining refrigerated trailers hooked to tractors); *Simmons v. Briggs Equip. Trust*, 221 S.W.3d 109, 114-115 (Tex.App.—Houston [1st Dist.] 2006, no pet.)(expert testimony required for determining the standard of care with respect to the inspection and maintenance of a rail-car mover engine); *Schwartz v. City of San Antonio*, 2006 Tex. App. LEXIS 995 (Tex.App.--San Antonio Feb. 8, 2006, pet. denied)(expert testimony required for determining the standard of care for re-energizing downed electrical wires); *Hager v. Romines*, 913 S.W.2d 733, 734-35 (Tex. App.--Fort Worth 1995, no writ)(expert testimony required for determining the standard of care with respect to operation of an aircraft and aerial application of herbicide); and *Turbines, Inc. v. Dardis*, 1 S.W.3d 726, 738 (Tex. App.--Amarillo 1999, pet. denied)(expert testimony required for determining the standard of care with respect to the inspection and repair of an aircraft engine).

In *3D/I*, the Court held that expert testimony was required to establish the standard of care for a construction-management firm, even though the construction contract identified an applicable standard of care. *Id.* The Court reasoned that a layman would not know the extent of a construction-management firm's supervisory duties and that specialized knowledge in the construction-management firm industry was needed to determine whether the firm met or failed to meet a standard of care. *Id.*

In the case at bar, Plaintiff alleges that Defendant Wanzek failed to ensure that easements were obtained and improperly constructed roads over a buried pipeline. Such allegations necessarily entail evidence as to the standard of care for a general contractor on such a construction project. Only persons with specialized knowledge of the procedures, requirements, and industry customs for constructing roads over buried pipeline can speak to the appropriate standard of care and whether that standard was breached. This is outside the average lay person's general experience and knowledge. Likewise, the duty owed by a general contractor to ensure that easements are obtained, if any, is also outside the scope of the ordinary person's knowledge.

Therefore, Plaintiff must present expert testimony on these issues to show that this Defendant failed to use reasonable care at the time and place, under the circumstances at issue. Because Plaintiff has not identified any experts competent to testify as to such matters, Plaintiff has no evidence to raise a fact issue in support of its claim that Defendant Wanzek had and breached any duties.

Moreover, the evidence filed in support of this Motion identifies the industry standards and statutory requirements for building roads over pipelines, and establishes that the construction by Defendant Wanzek was in compliance with the same. *See Exhibit 3*. Plaintiff has no probative evidence or witnesses to refute these findings.

Similarly, in evaluating whether expert testimony is required to establish proximate cause, the court again looks at whether there matters beyond jurors' common understanding that are involved. *Mack Trucks v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)(holding that expert testimony was required in determining whether a fuel system was the source of a fire in a rollover accident).[2] In *Mack Trucks*, the Court reasoned that a lay juror's general experience and common knowledge did not extend to the determining whether a design defect caused the release of diesel fuel during a rollover and/or identification of the cause of a post-collision fire. *Id*.

In this case, Plaintiff contends that vibrations from Defendant Wanzek's construction of roads and/or heavy equipment being driven over these roads caused damage to its underground pipelines. Whether such activities could actually cause damage to those buried lines is a technical issue that is not within a layperson's general experience and common sense. As such, Plaintiff must produce expert testimony to show that such activity proximately caused Plaintiff's alleged damages. Because Plaintiff has not identified any experts competent to testify on this matter, Plaintiff has no evidence to raise a fact issue in support of its claim that any alleged breach of duty by Defendant Wanzek was the proximate cause of any alleged damages.

Moreover, the evidence filed in support of this Motion establishes that Plaintiff's pipeline was damaged and leaking nine months prior to any construction starting and that the conduct of Defendant Wanzek was not the cause of any problems with the pipeline. *See* Exhibit 3. Plaintiff has no probative evidence or witnesses to refute these findings.

---

[2] *See also* the following cases all finding expert testimony required to determine proximate cause: *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982)(expert testimony required to determine the diagnosis of a skull fracture); *Bishop v. GMC*, 2001 Tex. App. LEXIS 3046 (Tex. App.—Corpus Christi May 3, 2001)(claimant's affidavit was insufficient and expert testimony was required to show whether a cruise control unit caused an accident); *Mata v. Energy Absorption Sys.*, 2011 Tex. App. LEXIS 2425 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, no pet.)(testimony from an eyewitness was insufficient and expert testimony was required to determine whether fuel system could start a fire); *O'Bryant v. Walker County*, 2009 U.S. Dist. LEXIS 86066, 14-15 (S.D. Tex. Sept. 21, 2009)(expert testimony was required to show whether a delay in calling for medical attention for cocaine ingestion could have caused death).

Plaintiff claims that Defendant Wanzek was negligent in its construction of certain roads over its pipeline. With respect to this construction, Plaintiff has no probative evidence establishing the nature of this Defendant's duty, the breach of that duty, or that any alleged breach was the proximate cause of damages. As a result, Defendant Wanzek is entitled to judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant WANZEK CONSTRUCTION, INC. prays that this Court grant its Motion for Summary Judgment, and for such other and further relief to which this Defendant may be justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY,**
**SHIPMAN & SALINAS, L.L.P.**
1717 W. 6th Street, Suite 300
Austin, Texas 78703
(512) 476-5300
FAX (512) 476-5771

By: /s/Joanna Lippman Salinas
    Joanna Lippman Salinas
    Texas State Bar No. 00791122

Attorneys for Defendant,
*Wanzek Construction, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **Defendant Wanzek's Motion for Summary Judgment** has been provided by Electronic Service to the following, in accordance with the Federal Rules of Civil Procedure, on October 18, 2011:

Phil Watkins
Phil Watkins, P.C.
926 Chulie Drive
San Antonio, Texas 78216

John Fuentes
Law Offices of John A. Fuentes, PLLC
926 Chulie Drive
San Antonio, Texas 78216

William Bums
King & Spalding, LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002

                                            /s/Joanna Lippman Salinas
                                            Joanna Lippman Salinas