UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CORDELE DEVELOPMENT CORPORATION, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-11-5 |
| | § | |
| EDISON MISSION ENERGY, *et al.*, | § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER GRANTING SUMMARY JUDGMENT IN PART AND ORDERING SUPPLEMENTAL BRIEFING

This case involves matters related to land use. Plaintiff Cordele Development Corporation engages in the business of oil and gas exploration and production. (Dkt. 29, Attach. 2 at ¶ 3.) Cordele obtained subsurface rights to an interest known as "De La Garza 336," located in Webb County, Texas about forty miles east of Laredo. (Dkt. 24, Attach. 1 at ¶ 2; Dkt. 29, Attach. 4 at ¶¶ 8-10.) Defendants Edison Mission Energy and Cedro Hill Wind LLC, an Edison affiliate, are businesses involved in the installation of wind turbines used to generate electrical energy. (Dkt. 24 at 9; Attach. 1 at ¶ 2.) Cedro Hill acquired a wind farm project on land adjoining Cordele's interest. (Dkt. 24, Attach. 1 at ¶¶ 2, 4.) Defendant Wanzek Construction, Inc. constructed the wind farm. (*Id.* at ¶ 6.) Alleging *inter alia* that construction of the wind farm interfered with its subsurface rights, Plaintiff brings several state causes of action against Defendants. Against Defendants Edison and Cedro Hill, Plaintiff brings claims of negligence, gross negligence, breach of contract, tortious interference with existing contract, intentional interference with and invasion of property rights, and declaratory judgment. (Dkt. 2.) Plaintiff also brings a claim of malicious civil prosecution against Defendant Cedro Hill. (*Id.*) Against Defendant Wanzek, Plaintiff brings claims of negligence and gross negligence. (*Id.*)

Pending are the Defendants' respective motions for summary judgment. (Dkts. 23, 24.) For the reasons discussed below, Defendants' motions are granted to the extent they move for summary judgment as to Plaintiff's claims for malicious civil prosecution and declaratory judgment. However, before the Court can rule on the remaining claims, Plaintiff will be ordered to supplement the record and provide the Court with additional briefing.

## I. Dismissed Claims

### A. Malicious Civil Prosecution

Plaintiff brings a claim of malicious civil prosecution based on a March 16, 2010 declaratory judgment action filed against it by Defendant Cedro Hill in the United States District Court for the Western District of Texas. Through the complaint in that case, Cedro Hill sought a declaration that its wind farm operations on the land adjoining the De La Garza property were legitimate. (Dkt. 29, Attach. 1.) On or about March 19, Cedro Hill served Cordele with its complaint. (Dkt. 29, Attach. 2 at ¶ 27; Attach. 4 at ¶ 32.) Cedro Hill dismissed the complaint before Cordele filed an answer. (Dkt. 24, Attach. 8.)

Plaintiff's malicious civil prosecution claim is without merit. Under Texas law, a plaintiff must establish six elements to succeed on a malicious civil prosecution claim: (1) the institution or continuation of civil proceedings against the plaintiff; (2) that the proceedings were done at the insistence of the defendant; (3) that there was malice in the commencement of the proceeding; (4) a lack of probable cause for the proceeding; (5) termination of the proceeding in the current plaintiff's favor; and (6) special damages. *Zurita v. Lombana*, 322 S.W.3d 463, 478 (Tex. App. 2010). The voluntary dismissal of a suit does not meet the requirement that the proceeding be terminated in the current plaintiff's favor. *See KT Bolt Mfg. Co. v. Texas Elec. Coops., Inc.*, 837 S.W.2d 273, 275 (Tex. App. 1992) ("A dismissal is in no way an adjudication

of the rights of the parties; it merely places them in the position that they were in . . . [had] the suit never been brought."); *James v. Brown*, 637 S.W.2d 914, 918-19 (Tex. 1982) (proceedings dismissed by agreement of the parties did not meet favorable termination requirement). *But see McCall v. Tana Oil & Gas Corp.*, 82 S.W.3d 337, 350 (Tex. App. 2001) (*rev'd on other grounds*) (criticizing the application of *KT Bolt* as an "iron-clad rule"). Despite whatever criticism this rule has earned, the Texas Supreme Court has left it undisturbed. *Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 530 (5th Cir. 2004).

Here, Defendant Cedro Hill's prior suit was voluntarily dismissed. Applying Texas state law as it stands, Plaintiff cannot show that the prior proceeding terminated in its favor. Thus, Plaintiff's claim for malicious civil prosecution fails and will be dismissed.

### B. Declaratory Judgment

In its complaint, Plaintiff originally pursued a declaratory judgment action against Defendants (Dkt. 2 at 19-20), which Defendants attacked in their motion for summary judgment. Plaintiff, in its response, conceded that declaratory judgment was not proper and requested that the claim be dismissed. (Dkt. 26 at 45.) As both parties agree that the declaratory judgment claim deserves dismissal, it too will be dismissed.

## II. Additional Materials and Briefing

Before the Court can rule on the remaining claims, Plaintiff will be ordered to supplement the record and provide the Court with additional briefing. With regard to its claims of negligence and gross negligence, Plaintiff alleges that a variety of damages were proximately caused by Defendants' breach of the standard of ordinary care. (Dkt. 2 at ¶¶ 55, 93, 100, 106.) The alleged damages fall into two distinct categories: physical damage to Plaintiff's existing structures (e.g., damages to the established pipelines) and the increased cost of having to

directionally drill any future wells on the De La Garza property. (Dkt. 2 at ¶¶ 55, 93, 100, 106.) At issue, for purposes of the pending summary judgment motions, is whether Plaintiff has raised an issue of fact with respect to the element of causation.[1] In attempting to raise an issue of fact as to causation, Plaintiff has submitted the affidavits of its purported experts, Tommy West and Jeanette West Hannasch, whereby they affirm their opinions that Defendants' actions caused damages to Plaintiff. (Dkt. 29, Attach. 2; Attach. 4.)

Under Texas law, the element of causation must be supported by expert testimony when dealing with matters that go beyond a layperson's general experience and common sense. *Goodyear Tire & Rubber Co. v. Rios*, 143 S.W.3d 107, 118 (Tex. App. 2004). Such would include matters of engineering or specialized construction. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 583 (Tex. 2006) (automobile design and fuel combustion); *FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 91 (Tex. 2004) (looseness and rustiness of a bolt); *Turbines, Inc. v. Dardis*, 1 S.W.3d 726, 738 (Tex. App. 1999) (engine maintenance on turbine aircraft). Even if the act of negligence is obvious, expert testimony can be required to establish the causal link to the harm. *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 119 (Tex. 2004).

Defendants Edison and Cedro Hill filed a motion to exclude Plaintiff's expert witnesses' testimony because Plaintiff's disclosures are insufficient to meet the standards of Rule 26(a)(2). (Dkt. 25.) Under Rule 26(a)(2)(C), if, as here, an expert witness is not required to provide a written report, the party must still file a disclosure providing the following information: (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts and opinions to which the witness is

---

[1] Also involving the element of causation is Plaintiff's claim for intentional interference and invasion of property rights. *See Cleveland Reg'l Med. Ctr., L.P. v Celtic Props., L.C.*, 323 S.W.3d 322, 349 (Tex. App. 2010); *Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co., Inc.*, 223 S.W.3d 1, 21 (Tex. App. 2005).

expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

Defendants also argue that Plaintiff's experts are not qualified under Federal Rule of Evidence 702. Under Federal Rule of Evidence 702, an expert witness must be qualified by knowledge, skill, experience, training, or education in the field to which they might offer their opinion. Fed. R. Evid. 702. If not, or if the testimony would be otherwise unreliable, that witness will be precluded from presenting any opinion on the matter. *Id.*; *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 592-93 (1993).

Therefore, with respect to the issue of qualification, Plaintiff is ordered to supplement its brief, and the record if necessary, to demonstrate that Jeanette West Hannasch and Tommy West qualify as experts under Federal Rule of Evidence 702. Specifically, that Jeanette West Hannasch and Tommy West are qualified as experts with respect to construction (i.e., capable of testifying to the actions of Defendants that caused damages to Cordele's existing structures) and with respect to drilling (i.e., capable of testifying that the actions of Defendants necessitated directional instead of vertical drilling). Further, Plaintiff is ordered to supplement the record with a summary of the underlying facts which form the basis for the previously submitted opinions to which Jeannette West Hannasch and Tommy West are expected to testify as required by Rule 26(a)(2)(C).

Plaintiff shall also supplement the record with the following:

(1) The deeds, if any, showing that "Plaintiff has possessed mineral interest and easement rights to the [property subject to this case] for many years" (*see* Dkt. 26 at ¶ 54);

(2) The deeds and documents, if any, showing proof of ownership of any pipelines that have been damaged by Defendants' construction;

(3) Existing maps and land surveys, if any, of the De La Garza property; and

(4) The contract(s) between Plaintiff and Houston Pipeline Company, if any, which form the basis of the tortious interference with existing contract claim.

## Conclusion

Therefore, because Plaintiff has failed to raise an issue of material fact with respect to the claims of malicious civil prosecution and declaratory judgment, *see* Fed. R. Civ. P. 56(a), Defendant's motion for summary judgment is GRANTED in part to the extent they seek dismissal of such claims. Additionally, Plaintiff is hereby ORDERED to supplement the record and provide additional briefing on or before October 12, 2012.

IT IS SO ORDERED.

SIGNED this 28th day of September, 2012.

Diana Saldaña
United States District Judge