IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| CORDELE DEVELOPMENT CORPORATION §<br>§<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>EDISON MISSION ENERGY, §<br>CEDRO HILL WIND LLC, §<br>and WANZEK CONSTRUCTION, INC. §<br>§<br>Defendants. § | CIVIL ACTION NO. 5:11-CV-00005 |

## STATUS REPORT

On June 23, 2017, this Court ordered the parties to file a status report showing good cause why this case should not be reopened following the closure of Defendant Edison Mission Energy's ("EME") bankruptcy case. In response, the undersigned counsel at the law firm of King & Spalding LLP ("King & Spalding") attempted to contact counsel for Plaintiff Cordele Development Corporation ("Cordele"), but counsel for Plaintiff did not respond as of the time for filing this report. As of the time of this filing, Plaintiff Cordele has failed to respond or otherwise acknowledge the Court's show cause Order. Accordingly, the undersigned counsel in the case submit this Status Report without the input of counsel for Cordele and respectfully submits that this case should be dismissed with prejudice for the reasons stated herein.

**I.  Claims Against EME and its Property Are Barred and Enjoined by the Confirmation Order.**

The Court should be aware that King & Spalding does not and did not represent the EME Reorganization Trust or any entities in the EME bankruptcy. The undersigned counsel at King &

Spalding, however, has diligently inquired into the post-bankruptcy status of EME in response to this Court's Order, and, as discussed below, it is clear that this matter cannot proceed against EME.

EME's bankruptcy case is now closed following the entry of a final decree by the United States Bankruptcy Court for the Northern District of Illinois. *See* Case No. 12-49219, Bankr. N.D. Ill. Dec. 22, 2016, EME Dkt. 2678. At this point, any action of Cordele to proceed against EME would be in violation of the Order issued by the Bankruptcy Court confirming the Plan of Reorganization of the EME debtors. *See* Order Confirming Debtors' Joint Chapter 11 Plan of Reorganization, Case No. 12-49219, Bankr. N.D. Ill. Mar. 11, 2014, EME Dkt. No. 2206, attached hereto as Exhibit A (the "Confirmation Order" and accompanying Debtor' Third Amended Joint Chapter 11 Plan of Reorganization). The Bankruptcy Court has retained jurisdiction to enforce its permanent injunctions in the Confirmation Order.

Before the EME bankruptcy case was closed, Cordele and its counsel were served with the Notice of and Motion of the EME Reorganization Trust to Terminate the EME Reorganization Trust and for Entry of a Final Decree Closing Certain Chapter 11 Cases [EME Dkt. No. 2667]. *See* Affidavit of Service by Emily Young, dated December 6, 2016, EME Dkt. 2668. Cordele, however, failed to object or otherwise reserve any rights in relation to the Cordele's proof of claim. As counsel of record, Cordele's attorneys repeatedly received written notices on behalf of Cordele in relation to EME's bankruptcy cases. These official notices included:

- notice of the commencement of EME's bankruptcy case, *see* EME Dkt. No. 440;

- notice of the deadline to file proofs of claim, EME Dkt. No. 684;

2

- notice of the confirmation hearing to consider entry of the injunctions against creditors like your client, EME Dkt. No. 1754; and

- notice of confirmation and the occurrence of the effective date of the plan, EME Dkt. No. 2273.

EME's confirmed plan of reorganization prevents any prosecution of the claims at issue in this lawsuit by Cordele other than before the United States Bankruptcy Court for the Northern District of Illinois in relation to the proof of claim filed by Cordele.  Section VIII.A of the plan provides "that the distributions, rights, and treatment that are provided in the plan shall be in complete satisfaction, compromise, settlement, release and discharge" of claims arising before the Effective Date (as defined in the plan), which occurred on April 1, 2014.  *See* Exhibit A. Because the claims asserted in the case seek recovery based on events and alleged injuries occurring before that date, they are released and discharged by the plan, and Cordele is limited to whatever remaining rights it may have in relation to the Cordele proof of claim, if any.

Section VIII.F of the plan and paragraph 5 of the Confirmation Order, however, enjoin Cordele from asserting or prosecuting this case against EME and its property in this Court. Specifically, Cordele is permanently enjoined from:

- commencing or continuing any action or other proceeding of any kind on account of or in connection with the released claims;

- enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order with respect to the released claims;

- asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such entities or against the property of such entities on account of or in connection with or with respect to any

> such released claims or interests unless such entity has timely filed a proof of claim with the Bankruptcy Court preserving such right of setoff, subrogation, or recoupment; and
>
> - commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released claims.

*See* Exhibit A.

Instead, the Northern District of Illinois Bankruptcy Court has specifically retained jurisdiction to enforce the plan injunctions and stop any attempts to prosecute pre-bankruptcy litigation. Accordingly, there is no basis for Cordele to proceed against EME in this matter, and no basis to reopen this matter.

## II. Proceeding Against Cedro Hill Wind LLC Would Require a Motion for Severance by Cordele and Would Likely Be Barred Under the Plan.

Although Defendant Cedro Hill Wind LLC ("Cedro Hill Wind") was not a debtor in the bankruptcy, it was a subsidiary of EME that was acquired by NRG Energy, Inc. ("NRG") on the Effective Date and pursuant to the Confirmation Order. The Court should be advised that King & Spalding has not been retained in this matter by NRG following the bankruptcy and may need to withdraw entirely from this matter should the matter be re-activated. The undersigned, however, has been in touch with counsel for NRG at the law firm Baker Botts LLP ("Baker Botts"), which currently represents NRG in connection with its acquisition of substantially all of the assets of EME. Baker Botts has also just submitted the attached correspondence to counsel for Cordele. *See* Exhibit B.

While King & Spalding does not represent NRG in this proceeding, it appears that under the plan, all assets and rights sold by EME pursuant to the Purchase Agreement were transferred,

conveyed, and assigned to the Purchaser free and clear of all liens, claims, encumbrances, and interests pursuant to sections 363(f), 1123(a)(5), and 1141(c) of the Bankruptcy Code. *See* Exhibit A, Confirmation Order ¶ 7, Plan Article IX(V). And it is clear that Defendant Cedro Hill Wind LLC is listed on the schedule of "Acquired Companies" on Schedule 1 of the plan. *See* Exhibit A, Plan, Schedule 1, Line 22. Accordingly, at a minimum, Cordele must explain how it could pursue any claim against Cedro Hill Wind following the entry of the Confirmation Order, including without limitation in any motion to sever EME from this action.

### III. Because Cordele Has Failed to Respond to This Court's Order and Shown No Interest in Pursuing this Case, the Court Should Dismiss This Case Under Fed. R. Civ. P 41(b).

Counsel for Cordele apparently recognizes this matter cannot proceed. The undersigned counsel has heard nothing from counsel for Cordele in the several years since this matter has been stayed, and Cordele never petitioned the Court to sever out any non-bankrupt defendants.

Counsel for Cordele has also failed to contact the undersigned concerning the preparation of this Status Report or otherwise acknowledge the Court's show cause Order. The undersigned King & Spalding counsel attempted to contact counsel for Cordele inviting a response and participation, but received no response. Under Fed. R. Civ. P. 41(b), a district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court. The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *see also, e.g.*, *Mireles v. Manufacturer of Risperdal Drugs* 2015 WL 12734180, at *1 (W.D. Tex. Mar. 10, 2015) ("[P]laintiff has failed to comply with the Show Cause Order and the deadline for doing so has passed. The Court will dismiss this lawsuit for failure to prosecute and failure to comply with the Show Cause Order, pursuant to Fed. R. Civ. P.

41(b)."). Accordingly, aside from the Confirmation Order and other bankruptcy issues that would prohibit this case from proceeding, this case is ripe for dismissal under Fed. R. Civ. P. 41(b). *See McCullogh*, 835 F.2d at 1127 ("In such circumstances trial courts must be allowed leeway in the difficult task of keeping their dockets moving.").

## CONCLUSION

WHEREFORE, for the reasons stated herein, the undersigned respectfully submits that this action, which has been pending before the Court since January of 2011, should be dismissed with prejudice.

Respectfully Submitted,

By:   /s/ William R. Burns
William R. Burns
Texas Bar No. 24055236
S.D. Texas I.D. No. 705514
KING & SPALDING LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002-5219
Telephone: (713) 751-3200
Facsimile: (713) 751-3290
bburns@kslaw.com

**Attorney for Pre-Bankruptcy Defendants Edison Mission Energy and Cedro Hill Wind LLC**

By:   /s/ Joanna Lippman Salinas (by permission)
Joanna Lippman Salinas
Texas Bar No. 00791122
**FLETCHER, FARLEY,
SHIPMAN &SALINAS, L.L.P.**
1717 W. 6th Street, Suite 300
Austin, Texas 78703
TELEPHONE (512) 476-5300
FAX (512) 476-5771
joanna.salinas@fletcherfarley.com

**Attorneys for Defendant
Wanzek Construction, Inc.**

6

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing was sent to following counsel of record on July 7, 2017 via the CM/ECF filing system:

Mr. Phil Watkins
Phil Watkins, P.C.
926 Chulie Drive
San Antonio, Texas 78216
phil@philwatkins.com


Mr. John A. Fuentes
Law Office of John A. Fuentes, PLLC
926 Chulie Drive
San Antonio, Texas 78216
jfuentes@fuenteslawfirm.com

**Attorneys for Plaintiff Cordele Development Corporation**


Joanna Lippman Salinas
Fletcher, Farley, Shipman, & Salinas, LLP
1717 W. 6th Street, Suite 300
Austin, Texas 78703
joanna.salinas@fletcherfarley.com

**Attorneys for Defendant Wanzek Construction, Inc.**

/s/ William R. Burns